IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILL IVEY<br>381 Balmoral<br>Cleveland, Ohio 44143 | )<br>)<br>)<br>) | CASE NO: |
| Plaintiff, | )<br>) | JUDGE |
| vs. | )<br>) | **COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES** |
| THE SALVATION ARMY<br>c/o CSC-Lawyers Incorporating Service<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>) | <u>(Jury Demand Endorsed Herein)</u> |
| -and- | )<br>) | |
| KAREN BRAUER<br>c/o The Salvation Army<br>2507 East 22nd Street<br>Cleveland, Ohio 44115 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Bill Ivey, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES & VENUE**

1. Ivey is a resident of the City of Cleveland, County of Cuyahoga, and State of Ohio.

2. The Salvation Army is a foreign nonprofit corporation that conducts business in the State of Ohio.

3. The Salvation Army operates numerous service center locations in and around Cleveland, Ohio.

4. At all times material herein, The Salvation Army was Ivey's employer within the meaning of 29 U.S.C. § 623 *et seq.*



5. At all times material herein, The Salvation Army was Ivey's employer within the meaning of Ohio Rev. Code § 4112.

6. At all times material herein, The Salvation Army was Ivey's employer within the meaning of 42 U.S.C. § 2000e *et seq.*

7. Karen Brauer is a resident of Ohio.

8. At all times material herein, Brauer was employed in a supervisory position over Ivey.

9. At all times material herein, Brauer was acting in the course and scope of her employment at The Salvation Army.

10. At all times material herein, Brauer was acting in the interest of her employer, The Salvation Army.

11. Brauer was Ivey's employer within the meaning of Ohio Rev. Code § 4112

12. All material events alleged in this Complaint occurred in Cuyahoga County.

13. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ivey is alleging Federal Law Claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

14. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Within 300 days of the conduct alleged below, Ivey filed Charge of Discrimination No. 532-2013-01263 with the Equal Employment Opportunity Commission ("EEOC").

16. On August 5, 2015, Ivey received a Right to Sue letter, dismissing his EEOC charge, in accordance with 42 U.S.C. 2000e-5(f)(1), a copy of which is attached to this complaint.

17. Ivey has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

18. Ivey has filed this Complaint within 90 days of receiving the Right to Sue letter from the EEOC.



19. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

20. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

21. Ivey was born in 1947.

22. At all times material herein, Ivey was over forty years of age.

23. At all times material herein, Ivey was a member of a statutorily-protected class pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq*.

24. Ivey is male.

25. On or about February 26, 2006, The Salvation Army hired Ivey as a social worker in its Northeast Ohio Division, which is headquartered in Cleveland, Ohio.

26. At all times material herein, Ivey was fully competent to perform the essential job functions of a social worker.

27. The Salvation Army maintains seven corps in Cleveland.

28. Among the seven corps that the Salvation Army maintains in Cleveland is the Ohio City Corps, which is located at 44022 Clark Avenue.

29. Among the seven corps that the Salvation Army maintains in Cleveland is the Superior Corps, which is located at 9000 Superior Avenue.

30. Among the seven corps that the Salvation Army maintains in Cleveland is the Hough Corps, which is located at 6000 Hough Avenue.



31. Among the seven corps that the Salvation Army maintains in Cleveland is the Temple Corps, which is located at 17625 Grovewood Avenue.

32. Among the seven corps that the Salvation Army maintains in Cleveland is the Miles Park Corps, which is located at 4139 East 93rd Street.

33. Among the seven corps that the Salvation Army maintains in Cleveland is the West Park Corps, which is located at 12645 Lorain Avenue.

34. Among the seven corps that the Salvation Army maintains in Cleveland is the Harbor Light/New Hope Corps, which is located at 1710 Prospect Avenue.

35. Between February 2006 and March 2012, The Salvation Army employed Ivey at its Superior Corps.

36. In March of 2012, The Salvation Army reassigned Ivey its Ohio City corps.

37. Upon arriving at the Ohio City corps, Ivey discovered that the corps' files had been neglected and were in disarray.

38. The Salvation Army's Ohio City corps required of a social worker a much heavier case load than the other five corps.

39. Ivey was the only male social worker.

40. Ivey was the only social worker in his sixties.

41. The Salvation Army transferred a male in his sixties to its highest volume corps.

42. The Salvation Army transferred a male in his sixties to a corps whose files were in disarray.

43. The Salvation Army did not transfer younger female social workers to the Ohio City corps.

44. On or about August 30, 2102, Karen Brauer, Ivey's supervisor, gave Ivey a written warning regarding an alleged error Ivey made on a report.



45. Other, younger female, social workers, as well as supervisors, made similar errors to the one Ivey allegedly made.

46. The other, younger female, social workers and supervisors were not given written warnings when they made errors similar to the error Ivey allegedly made.

47. On or about August 30, 2012, Ivey informed Brauer that he believed he was being singled out for discipline because of his age and gender.

48. On or about August 30, 2012, Ivey complained about age and gender discrimination.

49. Following Ivey's complaints of age and gender discrimination, Brauer began building a case for Ivey's termination.

50. On or about September 27, 2012, Brauer gave Ivey another written warning because Ivey allegedly committed an error on a report.

51. On or about October 6, 2012, Brauer gave Ivey a written warning because Ivey allegedly miscommunicated details about a Salvation Army program to a client.

52. At the time that Ivey was warned for allegedly miscommunicating specifics about a Salvation Army program, other, younger female, social workers communicated the same information that Ivey allegedly communicated.

53. On or about October 25, 2012, Brauer gave Ivey another written warning because Ivey allegedly committed an error on a report.

54. The error that Ivey allegedly committed on reports, which resulted in three written warnings to Ivey, was a computational error.

55. Younger female social workers routinely made computational errors on reports.

56. Younger female social workers did not receive written warnings for making computational errors on reports.



57. On or about October 26, 2012, Defendants terminated Ivey.

58. On or about October 26, 2012, Defendants terminated Ivey, allegedly, because of Ivey's recent performance issues, including the alleged computational errors on reports.

59. Defendants did not terminate younger female social workers who made computational errors on reports.

60. Defendants did not terminate social workers who had not previously complained about age and gender discrimination.

61. Defendants terminated Ivey because of Ivey's age.

62. Defendants terminated Ivey because of Ivey's gender.

63. Defendants terminated Ivey in retaliation for Ivey's complaints of gender and age discrimination.

64. Defendants' termination of Ivey was in contravention of the ADEA, Title VII of the Civil Rights Act of 1964, and Ohio Rev. Code § 4112.

65. As a result of Defendants' unlawful conduct, Ivey suffered and will continue to suffer pecuniary harm.

66. As a result of Defendants' unlawful conduct, Ivey suffered and will continue to suffer emotional harm and physical illness.

## COUNT I: AGE DISCRIMINATION

67. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Throughout his employment, Ivey was fully competent to perform his essential job duties as a social worker at The Salvation Army.

69. Defendant Salvation Army treated Ivey differently than similarly situated employees based on his age.



70. Defendant Salvation Army terminated Ivey because of Ivey's age.

71. Defendant Salvation Army discriminated against Ivey because of Ivey's age.

72. Defendant Salvation Army violated the Age Discrimination in Employment Act, 29 U.S.C. § 623, by discriminating against Ivey's based on his age.

73. As a direct and proximate result of Defendant Salvation Army's conduct, Ivey suffered and will continue to suffer damages.

### COUNT II: RETALIATION BASED ON AGE DISCRIMINATION

74. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

75. During his employment, Ivey made complaints of age discrimination.

76. Ivey's complaints regarding age discrimination constituted protected activity under the Ohio Rev. Code § 4112.

77. After Ivey made protected complaints regarding age discrimination, Defendant Brauer retaliated against Ivey by issuing multiple written warnings for conduct that, even if as alleged, was condoned when engaged in by younger employees.

78. After Ivey made protected complaints regarding age discrimination, Defendant Brauer retaliated against Ivey by terminating him.

79. Defendant Brauer's retaliation against Ivey was unlawful pursuant to Ohio Rev. Code § 4112.

80. As a direct and proximate result of Defendant Brauer's retaliatory conduct, Ivey suffered and will continue to suffer damages.



## COUNT III: GENDER DISCRIMINATION

81. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. Throughout his employment, Ivey was fully competent to perform his essential job duties as a social worker at The Salvation Army.

83. Defendant Salvation Army treated Ivey differently than similarly situated employees based on his gender.

84. Defendant Salvation Army terminated Ivey because of Ivey's gender.

85. Defendant Salvation Army discriminated against Ivey because of Ivey's gender.

86. Defendant Salvation Army violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by discriminating against Ivey's based on his gender.

87. Defendant Salvation Army violated Ohio Rev. Code § 4112, by discriminating against Ivey's based on his gender.

88. As a direct and proximate result of Defendant Salvation Army's conduct, Ivey suffered and will continue to suffer damages.

## COUNT IV: RETALIATION BASED ON GENDER DISCRIMINATION

89. Ivey restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

90. During his employment, Ivey made complaints of age discrimination.

91. Ivey's complaints regarding gender discrimination constituted protected activity under the Ohio Rev. Code § 4112.

92. After Ivey made protected complaints regarding age discrimination, Defendant Brauer retaliated against Ivey by issuing multiple written warnings for conduct that, even if as alleged, was condoned when engaged in by female employees.



93. After Ivey made protected complaints regarding gender discrimination, Defendant Defendant Brauer retaliated against Ivey by terminating him.

94. Defendant Brauer's retaliation against Ivey was unlawful pursuant to Title VII of the Civil Rights Act of 1964.

95. Defendant Brauer's retaliation against Ivey was unlawful pursuant to Ohio Rev. Code § 4112.

96. As a direct and proximate result of Defendant Brauer's retaliatory conduct, Ivey suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bill Ivey respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Defendants to abolish discrimination, harassment, and retaliation.

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years.

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees.

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints.

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions.



(b) Issue an order requiring Defendants to retroactively restore Ivey to one of the positions to which he was entitled by virtue of his service and qualifications, and expunge his personnel file of all negative documentation.

(c) For an award against Defendants of compensatory and monetary damages to compensate Ivey for emotional distress, personal injury, property damage and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) For an award of punitive damages against Defendants in an amount in excess of $25,000;

(e) For an award of reasonable attorney's fees and non-taxable costs for Ivey's claims as allowable under law;

(f) For an order requiring Defendants to cease and desist from any employment practice which discriminates or harasses against Ivey or others on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry, or in retaliation against the person because he or she complained about such discrimination.

(g) For an award of the taxable costs of this action; and

The Employee's Attorney.™ 

(h) For an award of such other relief as this Court may deem necessary and proper.

        Respectfully submitted,

        */s/ Peter Mapley*_____
        Peter C. Mapley (0092359)
        Brian D. Spitz (0068816)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:    (216) 291-5744
        Email: peter.mapley@spitzlawfirm.com
               brian.spitz@spitzlawfirm.com

        *Attorneys For Plaintiff Bill Ivey*



## JURY DEMAND

Plaintiff Bill Ivey demands a trial by jury by the maximum number of jurors permitted.

                                        */s/ Peter C. Mapley*_____
                                        Peter C. Mapley (0092359)
                                        **THE SPITZ LAW FIRM, LLC**

